**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CUNNINGHAM LINDSEY U.S., INC.** | : | **CIVIL NO. 1:13-CV-2528** |
| **and CL ACQUISITIONS HOLDINGS** | : | |
| **LIMITED,** | : | **(Chief Judge Conner)** |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PAT BONNANI, DALE FOHL,** and | : | |
| **VERICLAIM, INC.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>ORDER</u>

AND NOW, this 11th day of August, 2014, upon consideration of the motion

for reconsideration (Doc. 77) filed by plaintiffs Cunningham Lindsey U.S., Inc., and

CL Acquisitions Holdings Limited (collectively "Cunningham Lindsey"), wherein

Cunningham Lindsey seeks partial reconsideration of the court's memorandum

(Doc. 75) and order (Doc. 76) dated April 22, 2014, granting defendants' motion to

dismiss in part,[1] and the court emphasizing that the purpose of a motion for

reconsideration is to present newly discovered evidence or to correct manifest

errors of law or fact, <u>see</u> <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677-78 (3d

Cir. 1999); <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985), and noting

---

[1] The court granted defendants' underlying motion to dismiss in part and
dismissed Cunningham Lindsey's tort claims in Counts II, III, V, VI, and VII based
on the gist of the action doctrine. (<u>See</u> Doc. 76).  Therein, the court agreed with
defendants that Cunningham Lindsey's tort claims derive from the same conduct
underlying its breach of contract claims and are thus barred by the gist of the
action doctrine. (<u>See</u> Doc. 75 at 11-21).

that the court possesses an inherent power to reconsider its orders "when it is
consonant with justice to do so," <u>United States v. Jerry</u>, 487 F.2d 600, 605 (3d Cir.
1973); <u>Alea N. Am. Ins. Co. v. Salem Masonry Co.</u> 301 F. App'x 119, 121 (3d Cir.
2008), but that such relief is to be granted "sparingly," <u>Montanez v. York City</u>, Civ.
No. 12-cv-1530, 2014 U.S. Dist. LEXIS 96521, at *20 (M.D. Pa. July 16, 2014) (quoting
<u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa.
1995)), and that a party may not invoke a motion for reconsideration as a means to
relitigate matters of disagreement with the court, <u>see</u> <u>Boretsky v. Governor of N.J.</u>,
433 F. App'x 73, 78 (3d Cir. 2011) (quoting <u>Wilchombe v. TeeVee Toons, Inc.</u>, 555
F.3d 949, 957 (11th Cir. 2007)), nor is a motion for reconsideration "an opportunity
for a party to present previously available evidence or new arguments," <u>Federico v.
Charterers Mut. Assurance Ass'n Ltd.</u>, 158 F. Supp. 2d 565, 577 (E.D. Pa. 2001); <u>see
also</u> <u>Harsco Corp.</u>, 779 F.2d at 909, and it appearing that Cunningham Lindsey
bases its motion on arguments identical to or expanding upon those raised in
opposition to defendants' initial motion to dismiss, and neither identifies nor

2

substantiates a clear error of law in the court's prior decision,[2] and accordingly fails

to satisfy the exacting standard of review applied to motions for reconsideration, it

is hereby ORDERED that Cunningham Lindsey's motion for reconsideration (Doc.

77) of the court's order (Doc. 76) dated April 22, 2014 is DENIED.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[2] In support of its motion for reconsideration, Cunningham Lindsey contests the procedural and substantive propriety of the court's application of the gist of the action doctrine at the Rule 12(b)(6) stage. Cunningham Lindsey again reiterates its belief that it is premature to apply the doctrine when the validity and enforceability of the parties' respective agreements remains in question, (Doc. 78 at 9-14), and that, in any event, Cunningham Lindsey's tort claims transcend the agreements in such a way as to avoid the gist of the action bar. (Id. at 14-21). These issues were fully contemplated and disposed of by the court's prior memorandum and order. (See Doc. 75 at 11-21). Cunningham Lindsey cites no judicial authority, binding or otherwise, to support its contention that the court's application of the gist of the action doctrine was "clearly erroneous." Rather, Cunningham Lindsey seeks to expand upon arguments previously raised and rejected by the court. It is well-settled that requests for the court to simply rethink a decision it has already made are not proper grounds for a motion for reconsideration. See Douris v. Schweiker, 229 F.Supp. 2d 391, 408 (E.D. Pa. 2002).

Cunningham Lindsey summarily argues that the court's memorandum erroneously references non-competition and *customer* non-solicitation clauses in the letter agreements. (See Doc. 78 at 15). The court agrees that its inadvertent mention of these clauses was in error. However, it is harmless error because neither party disputes that the agreements otherwise contained broad confidentiality, non-disclosure, and employee non-solicitation clauses. As previously set forth in its memorandum, the court holds that these provisions of the agreements, read together, subsume the entirety of Cunningham Lindsey's tort claims and compel application of the gist of the action doctrine. (See Doc. 75 at 11-21).